UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

MARVIN E. McELROY, and
JACQUELINE A. McELROY,

    *Defendants*.
_____/

CASE NO. 14-10572

DISTRICT JUDGE THOMAS L. LUDINGTON

MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Doc. 13)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

## II.    REPORT

### A.    Introduction

The Government brought this action to collect the amount due on a promissory note allegedly executed in 1978 by Defendant Marvin E. McElroy to secure a loan from Erin bank & Trust Company under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1865, 20 U.S.C. § 1701 et seq. by the U.S. Department of Education. (Doc. 3.) The case was referred to the undersigned magistrate judge for pretrial case management on May 12, 2014. (Doc. 10.)

The Amended Complaint was filed on February 10, 2014. (Doc. 3.) Currently before the Court is the Government's Motion for Summary Judgment, which was filed on June 6, 2014. Defendant has not responded in opposition to the motion. Accordingly, the motion is ready for report and recommendation and the Court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

**B.    Summary Judgment Standards**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts

2

presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997). *See also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 867 (E.D. Mich. 2008). "'In other words, in such case the movant 'must satisfy both the initial burden of production on the summary judgment motion – by showing that no genuine dispute exists as to any material fact – and the ultimate burden of persuasion on the claim – by showing that it would be entitled to a directed verdict at trial.'" *Yarbrough*, 579 F. Supp. 2d at 867 (citations omitted). Only after the moving party makes this showing will the non-moving party have an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore, supra.*

**C.     Analysis and Conclusion**

To recover on a promissory note, the Government must make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is

3

in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). To make this showing, the Government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. *Id.* (citing *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Once the *prima facie* case is established, the burden shifts to the defendant to prove the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

To meet its burden of establishing all of the elements of the claim, the Government has attached to its motion a copy of the Master Note completed and signed by Defendant. (Doc. 13, Ex. A.) In addition, the government provided an affidavit of indebtedness which states that the principal loan was given with an annual rate of 7%, with interest accruing on the debt at a rate of $0.93 per day. (Doc. 3, Ex. A at ID 10.) The certification also states that after application of the last voluntary payment of $13.00 received on January 14, 1986, the debtor owes $4,873.46 principal, and $5,141.75 interest. (*Id.*) Although Defendant answered the complaint, Defendant has not responded to the motion. (Doc. 6.) Defendant is now a medical doctor. (*Id.*)

I suggest that the Government's motion be granted. Through the documentation attached to the motion, the Government met its burden of establishing that Defendant signed a promissory note of which the Government is the present owner and that the note is in default. *See Petroff-Kline*, 557 at 290. Defendant, however, has completely failed to meet its burden to respond and show that there is a disputed issue of fact with regard to the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

Accordingly, I suggest that the Government is entitled to summary judgment because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

5

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 7, 2014                            /S Patricia T. Morris
                                                                             Patricia T. Morris
                                                                             United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record.  A hard copy was served by first class mail on Marvin E. McElroy, P.O. Box 268, Prudenville, MI, 48651.

Date:  August 7, 2014                            By_____s/*Jean L. Broucek*_____
                                                                             Case Manager to Magistrate Judge Morris